UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN FRANCISCO GALLEGOS,<br><br>　　　　　Defendant. | CR.  NO. 2:11-119-02 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

　　　　Before the court is defendant Juan Francisco Gallegos' Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 218.)  For the reasons explained below, defendant does not qualify for a sentence reduction, and the court must therefore deny the motion.

1

I.   <u>Background</u>

On March 10, 2011, the grand jury returned its Indictment charging defendant with conspiracy to distribute methamphetamine and possession of methamphetamine with the intent to distribute it, possession with intent to distribute cocaine, and two counts of use of a communications facility for the purpose of drug trafficking.  (Docket No. 1).  Defendant pleaded guilty under an open plea.

The court held a sentencing hearing on January 22, 2013.  (Docket Nos. 128, 244.)  The court adopted the presentence report, which set forth defendant's base offense level of 34 and various adjustments and enhancements resulting in a total offense level of 34, as well as a criminal history category of VI.  (<u>See</u> Sentencing Hr'g Tr. 3, PSR ¶¶ 26-58.)  Included in the enhancements was one for career offender status under U.S.S.G. § 4B.1, as defendant had at least two prior felony convictions for crimes of violence, including armed robbery and assault with a deadly weapon, and he was at least eighteen at the time of the instant offense and the instant offense was a felony controlled substance offense.  (PSR ¶¶ 34, 38-53.)  Under the Sentencing Guidelines, the resulting guidelines range was 262 to 327 months.  (PSR ¶ 91.)  The court ultimately sentenced defendant to 262 months' imprisonment, on the low end of the guidelines range.  (Sentencing Tr. 9.)

In 2014, the U.S. Sentencing Commission issued Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), reducing guidelines ranges for certain drug offenses by two offense levels.  In accordance with Congress's directive in 28

U.S.C. § 994(u), the Commission further determined that Amendment 782 should have retroactive effect for those currently serving terms of imprisonment. See U.S.S.G. App. C, Amend. 782.

On March 16, 2015, defendant filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's passage of Amendment 782. (Docket No. 218.)[1]

## II. Discussion

Section 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(2) (emphasis added). The Ninth Circuit has interpreted this language to authorize modifications only "if . . . the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009) (internal quotation marks and citation omitted).

---

[1] Defendant also filed a motion to vacate his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). (Docket No. 248.) The court referred this motion to a magistrate judge on July 14, 2016 (Docket No. 258), and this order does not address the § 2255 motion or its arguments.

The court also notes that in his reply in support of his § 3582 motion, defendant requests that the proceedings on this motion be stayed until the court rules on the § 2255 motion. (See Docket No. 266.) However, should defendant prevail on his § 2255 motion, defendant would be resentenced and the instant motion would be rendered moot. Thus, the court sees no reason to stay proceedings on defendant's § 3582 motion and denies defendant's request.

1           Amendment 782 modifies § 2D1.1's Drug Quantity Table to
2  lower base offense levels by two points for most federal drug
3  offenders.  However, defendant's classification as a career
4  offender caused his sentence to be based on § 4B1.1, not § 2D1.1.
5  See Wesson, 583 F.3d at 731 (holding that § 4B1.1 establishes a
6  sentencing scheme that is "mutually exclusive" of drug offender
7  ranges calculated under § 2D1.1).  Because defendant's sentence
8  was not based on a sentencing range that has subsequently been
9  lowered by the Sentencing Commission, the court does not have the
10 authority to reduce his sentence.  See United States v. Charles,
11 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments
12 regarding sentences under the drug guidelines do not affect
13 individuals who were sentenced as career offenders."); Zeich v.
14 United States, Civ. No. 1:93-CR-05217 LJO, 2014 WL 6774878, at *2
15 (E.D. Cal. Nov. 10, 2014) (holding that a defendant sentenced as
16 a career offender was ineligible for a sentence reduction based
17 on Amendment 782).
18           IT IS THEREFORE ORDERED that defendant's motion for
19 reduction of sentence pursuant to § 3582(c)(2) be, and the same
20 hereby is, DENIED.  This denial is without prejudice to any
21 arguments regarding Johnson v. United States, 135 S. Ct. 2551
22 (2015), that defendant has raised or will raise in connection
23 with his § 2255 motion pending before the magistrate judge.
24           IT IS SO ORDERED.
25 Dated:  November 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4