UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JUAN FRANCISCO GALLEGOS,<br><br>Movant. | No. 2:11-cr-0119 WBS KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Respondent filed an amended request to stay the § 2255 motion; movant opposes such a stay.  As set forth below, the undersigned recommends that the stay be denied.

II. The Parties' Positions

Respondent argues that in Beckles v. United States, No. 15-8544, the Supreme Court will resolve "(1) whether the holding of Johnson v. United States, 135 S. Ct. 2551 (2015), applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), and (2) if so, whether that application is retroactive on collateral review to cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)."  (ECF No. 253 at 1.)  Respondent contends that the Supreme Court's

1

1  decision will "very much affect how the claims in the petition are to be analyzed and resolved;"
2  therefore, this court should vacate the prior scheduling order and stay these proceedings pending a
3  decision in Beckles.  (ECF No. 253 at 1.)  Respondent cites Gardner v. United States, No. 15-
4  72559 (9th Cir.) (proceedings concerning similar Guidelines issues stayed pending Beckles), in
5  support of the motion.  (ECF No. 253 at 1-2.)

6        Movant opposes the motion for stay, arguing that the Ninth Circuit has forbidden an
7  indefinite, potentially lengthy stay in a habeas case, citing Yong v. I.N.S., 208 F.3d 1116, 1117-
8  19, 1121 (9th Cir. 2000) (holding that district courts should not impose indefinite stays in habeas
9  cases pending Supreme Court decisions, and explaining that "[o]nce a federal circuit court issues
10 a decision, the district courts within that circuit are bound to follow it and have no authority to
11 await a ruling by the Supreme Court before applying the circuit court's decision as binding
12 authority").  Movant argues that no one can predict when, or how, the Supreme Court will rule in
13 Beckles, and the case had not yet been calendared.  (ECF No. 254 at 2.)  Movant contends that a
14 stay in this case would pose potentially grave constitutional concerns, implicating the Suspension
15 Clause.  (ECF No. 254 at 3.)  Finally, movant distinguishes the circuit's stay in Gardner; in
16 Gardner, the prisoner sought to file a second or successive motion to correct rather than an initial
17 motion as filed herein, thus obviating any concerns about delaying an initial motion or suspending
18 the writ.  (ECF No. 254 at 3.)

19       In reply, respondent contends that Yong is distinguishable because Yong was in
20 immigration custody arguing that his confinement was illegal at the time he filed his petition.  Id.,
21 208 F.3d at 1117-19.  Here, respondent argues, movant presses arguments that could entitle him
22 to release in October of 2029, but only if movant prevails and if movant is sentenced at the low
23 end of the applicable Guidelines range.  (ECF No. 255 at 1.)  Moreover, even assuming a stay in a
24 2255 motion would amount to an unconstitutional suspension of the habeas writ, which
25 respondent does not concede, respondent asserts that a one year stay would not violate the
26 Suspension Clause because movant's detention "could not possibly be illegal until roughly
27 thirteen years in the future, and any favorable-to-Gallegos ruling on the asserted illegality of his
28 future detention would come well in time to prevent that detention."  (ECF No. 255 at 2.)

III. <u>Standards</u>

A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of California</u>, 593 F.2d 857, 863 (9th Cir. 1979).  "At the same time, habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." <u>Yong</u>, 208 F.3d at 1120 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite," the Ninth Circuit "require[s] a greater showing to justify it."  <u>Id.</u> at 1119.

IV. <u>Discussion</u>

The undersigned carefully considers whether a stay pending resolution of <u>Beckles</u> is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner.  <u>Yong</u>, 208 F.3d at 1119-20.  Although <u>Beckles</u> is pending before the Supreme Court, and has now been calendared for oral argument on November 28, 2016,[1] the undersigned cannot predict when the Supreme Court will issue an opinion.  Unlike the appeal at issue in <u>Yong</u>, which was subject to further review, the Supreme Court may decide conclusively the question presented in <u>Beckles</u> whether <u>Johnson</u> applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines.  The Supreme Court may rule promptly, as it did in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), holding, less than three weeks after oral argument, that <u>Johnson</u> applies retroactively to cases on collateral review.  Or, the Court may not.

////

---

[1] Review of the Court's docket is available at https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm, last visited November 15, 2016.

3

However, staying these proceedings pending a decision by the Supreme Court on this threshold question could result in prejudicial delay to movant, who seeks relief which, if granted, could result in a reduced term of imprisonment. "Not only is this a habeas case challenging an unconstitutional confinement, but it is also unclear when or if the Supreme Court will decide Beckles. Such an indefinite and lengthy delay is not justified for concerns of judicial efficiency." Knox v. United States, Order, No. 3:16-cv-5502 BHS (W.D. Wash. July 19, 2016) (ECF No. 5 at 4).

Moreover, the Ninth Circuit has now lifted the stays previously entered in Gardner, No. 15-72559 (August 1, 2016), and Jacob v. United States, No. 15-73302 (9th Cir. Aug. 1, 2016), despite the pendency of Beckles.

Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and the undersigned finds that a stay is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's request to stay (ECF No. 252) be denied; and

2. Respondent be directed to file an opposition to the § 2255 motion within twenty-one days from any district court order adopting these findings and recommendations. Petitioner may file a reply fourteen days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 17, 2016

gall0119.2255.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE