UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JUAN FRANCISCO GALLEGOS,<br><br>Movant. | No. 2:11-cr-0119-WBS-KJN<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Movant is a federal prisoner, proceeding through counsel, with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2013 convictions for conspiracy to knowingly and intentionally distribute over 500 grams of methamphetamine, at least 5 kilograms of cocaine, and marijuana (21 U.S.C. § 846, 841(a)(1) [count one]), possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1) [count three]), and using a communication facility for drug trafficking purposes (21 U.S.C. § 843(b) [counts four & five]). He is currently serving a total sentence of 262 months.

In his motion, movant challenges his convictions on the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), arguing (1) he no longer qualifies as a career offender because his prior convictions no longer qualify as "crimes of violence" and (2) that the rule in Johnson is retroactive. (ECF No. 248.) For the reasons stated herein, the undersigned recommends that

1

movant's motion be denied.

II. <u>Brief Factual and Procedural Background[1]</u>

> The defendant was involved in a large-scale Drug Trafficking Organization (DTO) which operated under the umbrella of the Nuestra Familia (NF), a violent California prison gang. The DTO was responsible for the distribution of large quantities of methamphetamine, cocaine, marijuana, and MDMA. The defendant was intercepted having phone conversations with a main target of the investigation. The intercepts led investigators to identify the defendant's involvement in the DTO.
>
> Between approximately 2004 and 2007, Gallegos worked with Mario Diaz and others to help facilitate the transportation and distribution of methamphetamine and cocaine for the [NF]'s Salinas Regiment. Further, Gallegos functioned to help transport, cut, and distribute methamphetamine, cocaine, and marijuana for the NF's Salinas Regiment. During the same time period Gallegos also assisted Diaz in transporting large loads of methamphetamine and cocaine from Southern California to Northern California.
>
> In the summer of 2006, Diaz and Larry Sixto Amaro discussed trying to expand the NF drug trafficking business to the state of Utah. In doing so, they decided Amaro would have overall authority over any operations out in the Utah area, but that Gallegos and Georgie Salazar Villa would oversee the drug operations in the Utah area. Diaz is responsible for transporting three pounds of methamphetamine to Utah. Diaz relayed that this transaction was part of the Salt [L]ake City expansion of the drug trafficking.

In a March 10, 2011 indictment involving multiple defendants, movant was specifically alleged to have committed conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. § 846, 841(a)(1), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and, on two separate occasions, using a communication facility for drug trafficking purposes in violation of 21 U.S.C. § 843(b). (ECF No. 1.) On August 9, 2011, he entered not guilty pleas to all counts. (ECF No. 46.)

Thereafter, on April 9, 2012, movant pled guilty to all counts. (ECF No. 86.) On January 22, 2013, in the absence of any objection to the determinations made in the PSR, he was sentenced to 262 months in prison. (ECF Nos. 128, 130 & 244.)

On March 16, 2015, movant filed a pro se motion to reduce sentence pursuant to 18 U.S.C.

---

[1] This summary of facts is taken from page 24 of the Presentence Report (PSR).

§ 3582(c). (ECF No. 218.) On November 30, 2015, he filed a request seeking a new sentencing hearing and appointment of new counsel. (ECF No. 231.) Substitute counsel was appointed April 8, 2016. (ECF Nos. 238-239.)

Movant filed the instant motion on June 6, 2016. (ECF No. 248.) On July 1, 2016, the government filed a request for a stay of the proceedings. (ECF No. 253.) The following day, movant filed an opposition (ECF No. 254), and the government replied to that opposition on July 5, 2016. (ECF No. 255.)

On July 13, 2016, the district judge issued an order directing the government to file an opposition to movant's motion to reduce his sentence (ECF No. 257), and thereafter referred the government's motion for a stay to the undersigned. (ECF No. 258.)

On August 12, 2016, the government filed its opposition to the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) (ECF No. 262), and movant filed his reply on September 29, 2016. (ECF No. 266.)

In a memorandum and order of November 16, 2016, the district judge denied movant's motion to reduce his sentence, finding movant did not qualify for a sentence reduction, without prejudice to any arguments regarding Johnson v. United States, 135 S. Ct. 2551, raised in the current proceedings. (ECF No. 273.)

On November 17, 2016, the undersigned issued findings and recommendations denying the government's request for a stay of the instant motion. (ECF No. 274.) Those findings were adopted in full on December 28, 2016. (ECF No. 279.)

Thereafter, the government filed its response to movant's motion pursuant to 28 U.S.C. § 2255 on January 18, 2017. (ECF No. 283.) Movant replied thereto on February 1, 2017. (ECF No. 284.)

III.     Legal Standard

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, filed in the court that imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that

the prisoner was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999) (citing 28 U.S.C. § 2255). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice …." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)).

IV. Discussion

*Challenge to the Residual Clause in § 4B1.2(a)*

Movant contended that the "identical residual clause" found to be unconstitutionally vague in Johnson is unconstitutional "in the career offender provision of the guidelines" at issue here. (ECF No. 248 at 8, 9-11.)

In Johnson v. United States, 135 S. Ct. 2551, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Id. at 2557, 2563. It found "[t]wo features of the residual clause conspire to make it unconstitutionally vague." Id. at 2557. First, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Id. Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Id. at 2558.

After Johnson, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held its Johnson decision announced a new substantive rule that retroactively applies to cases on collateral review.

Nevertheless, after the parties' briefing in this matter, the Supreme Court held that Johnson does not apply to challenges based upon the guidelines. More particularly, in Beckles v. United States, 137 S. Ct. 886 (2017), the Court held that because the United States Sentencing Guidelines

4

are advisory in nature they are not subject to challenges for vagueness under the Due Process Clause. Id. at 894. The Court specifically held that § 4B1.2(a) is not void for vagueness. Id. at 895. See also, e.g., United States v. Hill, 915 F.3d 669, 2019 WL 471559 at *3 (9th Cir. 2019) (movant's argument that the definition of "crime of violence" in § 4B1.2(a) is vague is foreclosed by Beckles); United States v. Swanson, 744 F.App'x 527 (9th Cir. 2018) (same); United States v. Garcia, No. 2:14-cr-0294 MCE EFB P, 2018 WL 6065382, at *3 (E.D. Cal. Nov. 20, 2018) (same), rep. and reco. adopted, 2019 WL 246653 (E.D. Cal. Jan. 17, 2019).

Because this issue has been decided against movant subsequent to the filing of his motion and reply to the government's opposition,[2] the motion should be denied.[3]

*Remaining Challenges*

Relying upon the applicability of Johnson, movant also alleges his prior convictions for robbery and assault pursuant to California Penal Code sections 211 and 245(a)(1) are no longer crimes of violence under the elements clause of § 4B1.2(a)(1) and are not enumerated offenses under § 4B1.2(a)(2) applies. (ECF No. 248 at 8, 11-21 & No. 284 at 18-24.)

Because the undersigned finds that movant's challenge to the residual clause is unquestionably foreclosed by the Supreme Court's holding in Beckles, movant was properly classified as a career offender and the court need not reach these two remaining claims.

In sum, movant is not entitled to relief and his motion should be denied. Davis v. United States, 417 U.S. at 346.

V. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Movant's June 6, 2016, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-

---

[2] The parties' briefing was completed February 1, 2017, with the filing of movant's reply (ECF No. 284); Beckles was decided March 6, 2017.

[3] Given these findings, the undersigned need not consider the government's procedural default argument. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (noting courts have discretion "to proceed to the merits if the result will be the same").

5

01234-WBS-KJN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gall0119.257