UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>JUAN GALLEGOS,<br><br>    Movant. | Case No.  2:11-cr-00119-WBS-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE<br><br>ECF No. 377<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Movant, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons which follow, the court recommends that the motion be denied.

I. Background

On April 9, 2012, movant pled guilty to the following offenses:

Count 1

Conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, at least 5 kilograms of cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1).

1

     <u>Count 3</u>

     Possession with intent to distribute at least 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1).

     <u>Count 4</u>

     Use of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b).

     <u>Count 5</u>

     Use of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b).

     On January 22, 2013, movant was sentenced to 262 months in prison as to counts 1 and 3 and 48 months as to counts 4 and 5 with all sentences running concurrently. ECF No. 130. Movant did not appeal.

     Movant filed a previous motion under 28 U.S.C. § 2255 on June 6, 2016. That motion was denied on April 26, 2019.

II. <u>Successive § 2255 Motions</u>

     Before a prisoner can present a second or successive § 2255 motion concerning the same convictions and sentences, the motion must be certified by a panel of the Ninth Circuit to assert either newly discovered evidence material to the question of guilt or innocence or a new rule of constitutional law, made retroactively applicable to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

III. <u>Denial Required</u>

     Movant has not obtained the required certification from the Ninth Circuit, so his second § 2255 motion must be denied. In his reply brief, movant suggests that he is not required to obtain the required certification because of the nature of his claims. He claims that he is actually innocent of violating California Penal Code 211, because the Ninth Circuit has determined that it is no longer a crime of violence. ECF No. 392 at 2. Even if this allegation relieved movant of the need to obtain authorization for a successive petition, and it does not, the case he relies on does not help him. In *United States v. Bankston*, 901 F.3d 1100 (9th Cir. 2018), the court of appeals

held that, pursuant to Amendment 798 to the United States Sentencing Guidelines, California robbery was no longer a "crime of violence." *Id.* at 1102. The court held, however, that the amendment, which occurred in 2016, was not retroactive. *Id.* at 1105. As noted above, movant pled guilty in 2012.

Accordingly, it is hereby RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 377, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 21, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3